USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/13/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
:
BWP MEDIA USA INC., *doing business as* :
PACIFIC COAST NEWS, and NATIONAL :
PHOTO GROUP, LLC, :
: No. 13-cv-7867
Plaintiffs, :
: MEMORANDUM
-v- :
:
POLYVORE, INC., :
:
Defendant. :
:
------------------------------------------------------X

RONNIE ABRAMS, United States District Judge:

On July 15, 2016, this Court issued an Opinion and Order granting Defendant's motion for summary judgment, denying Plaintiffs' cross-motion for summary judgment, and denying Defendant's request for attorneys' fees. Opinion and Order, Dkt. 103.[1] Plaintiffs appealed the entry of summary judgment in Defendant's favor and Defendant cross-appealed the denial of attorneys' fees. On October 11, 2018, the Second Circuit issued a remand pursuant to *United States v. Jacobson*, 15 F.3d 19 (2d Cir. 1994), directing this Court to "advise whether [it] understood that it had discretion, in light of *Jackson v. Federal Express*, 766 F.3d 189, 195–99 (2d Cir. 2014) . . . to determine whether the plaintiff had abandoned its secondary infringement claims, and, if not, whether it believed that it was required to reach the merits of those claims." Mandate of U.S. Court of Appeals, Dkt. 112. This memorandum responds to the Second Circuit's request.

In its Opinion and Order granting summary judgment in favor of Defendant, this Court noted that Plaintiffs had neither cross-moved for summary judgment on their secondary liability

---

[1] All docket entries refer to the district court docket, no. 13-cv-7867 (S.D.N.Y.).

claims nor addressed those claims in their opposition to Defendant's motion. Opinion and Order at 14, Dkt. 103. The Court then cited *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2014), for the proposition that "courts, 'in considering a motion for summary judgment, must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law.'" Opinion and Order, Dkt. 103 at 14. This Court thus did not believe that it had discretion to determine that Plaintiffs had abandoned their secondary infringement claims, but rather believed that it was required to reach the merits of those claims.

Having reviewed *Jackson v. Federal Express* in light of the Second Circuit's remand, the Court concludes that its language counsels in favor of a finding of abandonment here. Although the import of *Jackson* is not entirely clear given its caution against the use of a "default rationale," 766 F.3d at 196, and its apparent reliance on the fact that the district court in that case had "reviewed the statement of undisputed facts submitted by appellee . . . [and had] concluded that appellee was entitled to judgment as a matter of law," *id.* at 195, the Court reads *Jackson* as a whole to stand for the proposition that "in the case of a counseled party, a court may, when appropriate, infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned," *id.* at 198. Here, as in *Jackson*, Plaintiffs were represented by counsel and submitted a partial response to Defendant's motion for summary judgment, "arguing that summary judgment should be denied as to some claims while not mentioning others."[2] *Id.* at 195. Specifically, Plaintiffs expressly opposed Defendant's motion with respect to the DMCA safe harbor argument and the direct infringement claims, but made no mention of the secondary

---

[2] Unlike in *Jackson*, however, where the Second Circuit remarked that "the district court's legal reasoning [was] perfectly obvious," 766 F.3d at 197, the Court's legal reasoning regarding the secondary infringement claims here would not have been clear absent articulation.

2

infringement claims—either in opposition to Defendant's motion or in their own cross-motion for summary judgment.³ Dkts. 86, 90. Moreover, after Defendant argued in its reply brief that Plaintiffs had abandoned their secondary infringement claims, Dkt. 94 at 14, Plaintiffs never corrected the record, even at oral argument. In fact, at oral argument, Plaintiffs did not mention their secondary infringement claims at all. Dkt. 105. For these reasons, and in spite of a court's general obligation to "examine the defendant-movant's submission for evidentiary and legal sufficiency," 766 at 195 n.3, the Court concludes that it would have been proper to infer that Plaintiffs had abandoned their secondary infringement claims.

Dated:  December 13, 2018
        New York, New York

Ronnie Abrams
United States District Judge

---

³ Plaintiffs' Response to Defendant's Statement of Undisputed Facts Pursuant to Local Rule 56.1 includes statements that could be relevant to both Plaintiffs' direct infringement and secondary infringement claims. *See, e.g.*, Dkt. 87 at ¶¶ 68–72. Given that these statements do not pertain solely to secondary infringement, and in light of the other indicia of Plaintiffs' abandonment of the secondary infringement claims, as described above, these statements alone do not persuade the Court that Plaintiffs sought to further litigate their secondary infringement claims.